UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| KEITH GUNNELL,<br>    Plaintiff, | Case No. 1:14-cv-236 |
| vs | Dlott, J.<br>Bowman, M.J. |
| JEFFREY RICHARDSON, et al.,<br>    Defendants. | **ORDER AND REPORT<br>AND RECOMMENDATION** |

Plaintiff, an inmate currently incarcerated at the Southern Ohio Correctional Facility (SOCF), brings this civil rights action pursuant to 42 U.S.C. § 1983 against defendants Warden Donnie Morgan, Deputy Warden William Cool, Inspector Linnea Mahlman, Chief Inspector Gary Croft, Lt. Jason Smith, Nurse Rider and Correctional Officers Jeffrey Richardson, Ms. Bush, and Matt Brown. (Doc. 1). By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a sua sponte review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when

the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. at 328-29; *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199.

Congress has also authorized the sua sponte dismissal of complaints which fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). While a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

In the complaint, plaintiff alleges that several SOCF officers retaliated against him for

filing a lawsuit. (Doc. 1, Complaint p. 7). Plaintiff alleges that on October 16, 2013, defendant Lt. Smith falsely told him that he had to go to the infirmary. He further alleges that that defendant Officer Bush stated that he first needed to take braids out of his hair and she took him to the hole. *Id.* Plaintiff claims that at some point defendant Officer Richardson began to harass him, calling him a snitch for filing a "Court of Claims suit" on another officer. Plaintiff further alleges that plaintiff informed Officer Richardson that he was suicidal and that, in response, Officer Richardson "put [a] can of mace 6 inches [away from] my eye and spray[ed]." *Id.* Plaintiff claims that following the incident, Officers Brown and Richardson "tried to break my wrist in handcuffs when maced and removed." *Id.* at 8. Plaintiff claims that despite his eye swelling up and his skin burning, Richardson denied his request for medical services and made him sleep in mace overnight. *Id.* According to plaintiff, defendant Nurse Rider also refused to give him eye drops or a shower. *Id.* As a result of the incident, plaintiff claims he can no longer see clearly out of his eye and that he now requires prescription eye glasses. *Id.*

Plaintiff alleges that defendants Smith, Richardson, Brown, as well as Officers Richard Kenyon and Tyler Uhrig—who are not named as defendants in this matter—wrote false reports concerning the incident. *Id.* Plaintiff indicates that a use of force review was carried out by defendants Wardens Cool and Morgan. *Id.* He also claims that he submitted an institutional grievance to defendant Inspector Mahlman and an appeal to Chief Inspector Croft. *Id.* Plaintiff contests the results of these proceedings, claiming that the video surveillance of the incident proves his innocence. *Id.* at 9.

Based on the above factual allegations, plaintiff alleges that all defendants engaged in conspiracies to commit harm, deliberate indifference to safety, denial of medical care, excessive

force, First Amendment retaliation, and obstruction of due course of justice. For relief, plaintiff seeks nominal, compensatory and punitive damages, as well as injunctive relief. *Id.*at 6.

Liberally construed, plaintiff's complaint states an Eighth Amendment claim for excessive force against Officer Richardson. Plaintiff has also stated a First Amendment retaliation claim against defendant Richardson. At this stage in the proceedings, without the benefit of briefing by the parties to this action, the undersigned concludes that these claims are deserving of further development and may proceed at this juncture. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

However, plaintiff's claims against the remaining defendants should be dismissed. First, plaintiff's conspiracy claims should be dismissed. Conspiracy claims "must be pled with some specificity: vague and conclusory allegations that are unsupported by material facts are not sufficient to state a § 1983 claim." *Farhat v. Jopke*, 370 F.3d 580, 599 (6th Cir. 2004). Plaintiff has alleged no facts in support of his conspiracy claim from which the Court can reasonably infer that these defendants conspired to violate plaintiff's constitutional rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Therefore, plaintiff's conspiracy claims against all defendants should be dismissed.

Second, plaintiff's claims against Warden Morgan and Deputy Warden Cool should be dismissed because his claims rest on a theory of *respondeat superior*, which does not apply to § 1983 claims and may not serve as a basis for liability. *See Iqbal*, 556 U.S. at 676; *Monell v. Dep't of Social Servs.,* 436 U.S. 658 (1978); *Hill v. Marshall,* 962 F.2d 1209, 1213 (6th Cir. 1992). "[Section] 1983 liability of supervisory personnel must be based on more than the right to control employees." *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984). Section 1983 liability is premised on active unconstitutional behavior and not a mere failure to act. *Greene v. Barber*, 310

4

F.3d 889, 899 (6th Cir. 2002); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). The mere fact that defendants hold supervisory positions in SOCF is not enough to impose liability on them under section 1983. Therefore, plaintiff's claims against these defendants should be dismissed.

Third, plaintiff's claims against defendants Inspector Mahlman and Chief Inspector Croft should also be dismissed. Plaintiff's allegations regarding these defendants concern defendants' investigation of the incidents or responses to his grievances. As to defendants' failure to investigate, plaintiff has failed to state a claim because "[t]here is no statutory or common law right, much less a constitutional right, to an investigation." *Mitchell v. McNeil*, 487 F.3d 374, 378 (6th Cir. 2007); *see also Daniels v. Lisath*, No. 2:10-cv-968, 2011 WL 2710786, at *2 (S.D. Ohio July 13, 2011). Furthermore, to the extent that plaintiff is claiming that the grievance procedure failed to produce the correct outcome or that he was deprived of due process in the grievance process, this cannot give rise to a § 1983 claim because "[p]rison inmates do not have a constitutionally protected right to a grievance procedure." *Miller v. Haines*, No. 97–3416, 1998 WL 476247, at *1 (6th Cir. Aug.03, 1998) (citations omitted).

Finally, plaintiff's claims against defendants Officers Smith, Brown and Bush, as well as Nurse Rider should be dismissed. Plaintiff's allegations against these defendants are largely based upon his conspiracy claims. As noted above, plaintiff fails to allege sufficient facts to plausibly suggest that these individual conspired to deprive him of his constitutional rights. Furthermore, plaintiff's factual allegations against these individual defendants are conclusory and otherwise insufficient to rise to the level of a constitutional violation. Therefore, the claims against Officers Smith, Brown, Bush, and Nurse Rider should be dismissed.

Accordingly, in sum, plaintiff's First and Eighth Amendment claims may proceed against

defendant Officer Richardson. Having found that plaintiff has failed to state a claim against the remaining defendants, the complaint should be dismissed as to defendants Morgan, Cool, Mahlman, Croft, Smith, Brown, Bush, and Rider.

## IT IS THEREFORE RECOMMENDED THAT:

Plaintiff's claims against defendants Morgan, Cool, Mahlman, Croft, Smith, Brown, Bush, and Rider be **DISMISSED**.

## IT IS THEREFORE ORDERED THAT:

The United States Marshal shall serve a copy of the complaint (Doc.1), summons, and this order upon defendant Officer Richardson as directed by plaintiff. All costs of service shall be advanced by the United States.

Plaintiff shall serve upon defendant or, if appearance has been entered by counsel, upon defendant's attorney, a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the clerk of court a certificate stating the date a true and correct copy of any document was mailed to defendant or counsel. Any paper received by a district judge or magistrate judge which has not been filed with the clerk or which fails to include a certificate of service will be disregarded by the court.

Plaintiff shall inform the Court promptly of any changes in his address which may occur during the pendency of this lawsuit.

    *s/ Stephanie K. Bowman*
    Stephanie K. Bowman
    United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KEITH GUNNELL,　　　　　　　　　　　Case No. 1:14-cv-236
　　　Plaintiff,
　　　　　　　　　　　　　　　　　　　Dlott, J.
vs　　　　　　　　　　　　　　　　　　Bowman, M.J.

JEFFREY RICHARDSON, et al.,
　　　Defendants.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

7