**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

KEITH GUNNELL,

        Plaintiff,                           Case No. 1:14-cv-236

      v.                                 Dlott, J.
                                         Bowman, M.J.

JEFFREY RICHARDSON, et al.,

        Defendants.

## REPORT AND RECOMMENDATION

### I. Background

Plaintiff Keith Gunnell, an inmate at the Southern Ohio Correctional Facility (SOCF) and proceeding *pro se*, filed a complaint against multiple prison officials concerning an incident that was alleged to have occurred on October 16, 2013. After the Court granted Plaintiff leave to proceed *in forma pauperis,* the undersigned undertook a sua sponte review of the complaint to determine whether any portion of it should be dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. See 28 U.S.C. §§1915(e)(2)(B) and 1915A(b).  Following that review, the Court dismissed all claims against all Defendants with the exception of Plaintiff's claims against Defendant Correctional Officer Jeffrey Richardson.  Liberally construing Plaintiff's allegations, the undersigned found that Plaintiff's complaint sufficiently stated an Eighth Amendment claim for excessive force against that Defendant alone, together with a First Amendment retaliation claim.  (Doc. 7).  The

presiding district judge adopted that Report and Recommendation (R&R) for the opinion of the Court.  (Doc. 10).  Thereafter, the Court ordered the parties to complete discovery on or before February 2, 2015, with dispositive motions to be filed not later than April 1, 2015.

## II.  Pending Motion To Dismiss

On January 20, 2015, Defendant Richardson filed a motion to dismiss all remaining claims against him based upon Plaintiff's failure to prosecute his case, and failure to comply with discovery.  Specifically, Defendant notes that after this Court granted Defendant's motion to depose the Plaintiff at SOCF (Doc. 15), Defendant scheduled said deposition for December 10, 2014.  Defense counsel spent "numerous hours" preparing for the deposition and drove "several hours each way" to SOCF on the appointed date.  (Doc. 16 and Affidavit at 16-1).  A court reporter also expended time in traveling to SOCF.  Both the court reporter and counsel waited for Plaintiff to arrive as scheduled in a prison conference room.  Eventually, however, a prison official, Sergeant Brian Felts, informed counsel that Plaintiff refused to come out of his cell to attend the deposition.  (*Id.*).  Sgt. Felts subsequently completed an incident report documenting Plaintiff's refusal to attend his deposition.  (Doc. 16-1).

As stated, the parties were directed to complete all discovery on or before February 2, 2015.  As a result of Plaintiff's refusal to attend his court-approved and scheduled deposition during the discovery period, Defendant now seeks dismissal of Plaintiff's claims.  Defendant seeks dismissal both as a sanction for Plaintiff's failure to

comply with discovery, pursuant to Rule 37(b)(2),[1] and for failure to prosecute pursuant to Rule 41(b), Fed. R. Civ. P.

Although dismissal for a discovery violation pursuant to 37(b)(2)(A)(v) is a permitted sanction, the ultimate sanction of dismissal is generally disfavored if less draconian sanctions are available.   However, in this case, dismissal is warranted. Plaintiff proceeds *in forma pauperis*, making the imposition of monetary sanctions a practical impossibility.[2]   Plaintiff's violation was blatant and wilful, and his subsequent behavior evinces no willingness to participate in the prosecution of this case.

For example, Plaintiff also failed to file any timely response to Defendant's motion.  On February 19, 2015, Plaintiff was "**ORDERED TO SHOW CAUSE**, in writing on or before **March 11, 2015**, why the Defendant Jeffrey Richardson's motion to dismiss (doc. 16) should not be construed as unopposed and granted for the reasons stated. Failure to timely comply with this Order will result in a Report and Recommendation to the District Judge that the pending motion be granted." (Doc. 17, emphasis original).  Even after being issued such a specific warning that his case was likely to be dismissed, Plaintiff failed to offer any opposition to Defendant's motion, much less any explanation for his deliberate refusal to appear for his deposition.

---

[1]Rule 37(d) addresses a party's failure to attend his own deposition, but refers back to Rule 37(b)(2) for the imposition of specific sanctions.

[2]Prisoners are required to pay the full filing fee in small amounts deducted from their prison accounts, but the case presented reflects the practical reality that few fees are ever collected.  In the year since the complaint was filed, Plaintiff has been required to make four separate payments, but those payments have totaled just $11.33.

-3-

### III. Conclusion

In view of the Affidavit attached to Defendant's motion and the continued failure to oppose dismissal or otherwise to prosecute his case, **IT IS RECOMMENDED THAT** Plaintiff's case be **DISMISSED WITH PREJUDICE** for deliberately refusing to appear for his deposition and for failure to prosecute, and that this case be **CLOSED**.


_s/ Stephanie K. Bowman_
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

KEITH GUNNELL,

          Plaintiff,                          Case No. 1:14-cv-236

     v.                                Dlott, J.
                                          Bowman, M.J.

JEFFREY RICHARDSON, et al.,

          Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).